1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ANNA JOHNSON et. al,                           CASE NO. CV-F-07-0283 LJO DLB

12                    Plaintiffs,              **ORDER ON MOTION TO DISMISS/**
                                               **MOTION TO STRIKE**
13          vs.

14   GMRI, INC. et. al,

15
                      Defendants.
16   _____/

17          By notice filed on February 26, 2007, defendants GMRI, Inc. and Darden Restaurants, Inc. move

18   to dismiss the first and second causes of action of plaintiff's complaint on the grounds of Fed.R.Civ. P.

19   12(b)(1) and 12(b)(6) that no private right of action exists.  Defendants also seek to strike portions of

20   the complaint. Plaintiffs filed an opposition on March 15, 2007 and defendants filed a reply on March

21   22, 2007. Pursuant to Local Rule 78-230(h), this matter is submitted on the pleadings without oral

22   argument and the hearing set for March 29, 2007 was vacated.  Having considered the moving,

23   opposition, and reply papers, as well as the Court's file, the Court issues the following order.

24                    **FACTUAL AND PROCEDURAL BACKGROUND**

25          This action is a purported class action against Defendant GMRI, Inc. and Darden Restaurant, Inc.

26   dba as Olive Garden Restaurants.  Plaintiffs bring this action on behalf of themselves and others

27   employed by defendants as food servers and bartenders.  (Complaint ¶8.)  Plaintiffs contend that

28   common questions exist as to whether:

                                              1

1           -    Defendants paid plaintiffs and class members a bonus hour as
                mandated by California Code of Regulations ("CCR"), Title 8,
2                    §11050.4( C) when they were required to work a split shift during
                a work day.
3
       -    Defendants caused plaintiffs and class members to pay for cash shortages and
4                    walkouts as is proscribed by CCR, Title 8, §11050.8.  (Complaint ¶10.)

5    Plaintiffs allege three causes of action:

6         1.    Failure to pay split shift premiums, in violation of 8 CCR §11050.4 ( C),

7         2.    Requiring plaintiffs to pay for cash shortages in violation of 8 CCR §11050.8, and

8         3.    Unfair competition in violation of Bus. And Prof. Code §17200 et seq. ("Unfair

9                Competition Law").

10        Defendants challenge the first and second causes of action in this motion. The case was removed

11    on February 21, 2007 based upon diversity jurisdiction.  This Court has jurisdiction pursuant to 28

12    U.S.C. §1332.

13    **ANALYSIS & DISCUSSION**

14    **A.    Motion To Dismiss and Strike Standards**

15        **1.    Motion to Dismiss on Rule 12(b)(1) Grounds**

16        A party may challenge the court's jurisdiction over the subject matter of the complaint under

17    Fed.R.Civ.P. 12(b)(1).  A complaint will be dismissed if, looking at the complaint as a whole, it appears

18    to lack jurisdiction either "facially" or "factually." *Thornhill Publishing Co. v. General Tel. & Elec.*

19    *Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)

20        Fundamentally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins.*

21    *Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994).  The presumption is that federal courts are "without

22    jurisdiction unless the contrary affirmatively appears." *Fifty Associates v. Prudential Ins. Co. of*

23    *America*, 446 F.2d 1187, 1190 (9th Cir. 1970).  Limits on federal jurisdiction must neither be disregarded

24    nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).

25        A plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen*,

26    511 U.S. at 377, 98 S.Ct. 2396.  This burden, at the pleading stage, must be met by pleading sufficient

27    allegations to show a proper basis for the court to assert subject matter jurisdiction over an action.

28    *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P.

1   8(a)(1).  When a defendant challenges jurisdiction "facially," all material allegations in the complaint

2   are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from

3   the face of the pleading.  *Thornhill Publishing Co.,* 594 F.2d at 733; *Mortensen v. First Fed. Sav. &*

4   *Loan Ass'n*, 549 F.2d 884, 891 (3ʳᵈ Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal.

5   1989), *rev'd on other grounds*, 963 F.2d 229 (9ᵗʰ Cir. 1992).[1]  A motion to dismiss for want of subject

6   matter jurisdiction may be granted only if "it appears beyond doubt that the plaintiff can prove no set

7   of facts in support of his claim which would entitle him to relief." *Conely v. Gibson*, 355 U.S. 41, 45-46,

8   78 S.Ct. 99, 102 (1957); *Sherman v. Yakahi*, 549 F.2d 1287 (9ᵗʰ Cir. 1977).

9          **2.      Rule 12(b)(6)**

10         A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (for failure to state a claim upon which

11  relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint.  A

12  motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that

13  plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *See Hishon v.*

14  *King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46,

15  78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9ᵗʰ Cir.

16  1981).  A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal

17  theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica*

18  *Police Dept.*, 901 F.2d 696, 699 (9ᵗʰ Cir. 1990).

19         In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most

20  favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

21  whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty*

22  *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).

23  /////

24

25         [1] A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549
    F.2d at 891.  In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to
26  jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9ᵗʰ Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts*
    *v. Corrothers*, 812 F.2d 1173, 1177 (9ᵗʰ Cir. 1987) ( 'The existence of disputed material facts will not prevent the trial court
27  from evaluating for itself the merits of jurisdictional claims.'); *Augustine v. United States*, 704 F.2d 1074, 1077 (9ᵗʰ Cir.
    1983).  In this case, the defendant's motion to dismiss for lack of subject matter jurisdiction is a facial challenge to the
28  complaint and the Court did not review or rely on extrinsic evidence.

1      **3.**     **Rule 12(f)**

2      A Rule 12(f) motion to strike may be made to have stricken from a pleading any insufficient

3 defense or any redundant, immaterial, impertinent, or scandalous matter, rather than to test the legal

4 sufficiency of the claim. "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time

5 and money that must arise from litigating spurious issues by dispensing with those issues prior to

6 trial⋯" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds in Fogerty*

7 *v. Fantasy, Inc.* 510 US 517, 534-535, 114 S.Ct. 1023, 1033 (1994); 'Immaterial' matter is that which

8 has no essential or important relationship to the claim for relief or the defenses being pleaded."

9 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in

10 question." *Fantasy, Inc. v. Fogerty*, 984 F.2d at 1527. Granting a motion to strike may be proper if it

11 will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's

12 claims as to be unworthy of any consideration as a defense and that their presence in the pleading will

13 be prejudicial to the moving party. *Id.* Allegations supplying background or historical material or other

14 matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant. *Fuchs Sugars*

15 *& Syrups, Inc. v. Amstar Corp.*, 402 F.Supp. 636, 637-638 (SD NY 1975).

16 **B.**     **Private Right of Action**

17      Defendants challenge the first and second claims on the grounds that no private right of action

18 exists for violations of a California Wage Order.

19      Federal courts exercising diversity jurisdiction must apply the substantive law of the state in

20 which they are located except on matters governed by the U.S. Constitution or federal statutes.

21 Procedural issues, however, are governed by federal law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64,

22 78, 58 S.Ct. 817, 822 (1938). *Erie* states that federal courts are to follow state substantive law as

23 derived from state statutes and decisions of the state's highest court. *Erie Railroad Co. v. Tompkins*, 304

24 U.S. at 78.

25      Where the issues involved are ones upon which the state supreme court has not yet ruled, federal

26 courts must attempt to predict how the state supreme court would decide. In doing so, federal courts may

27 properly consider the state Supreme Court's dicta, the opinions of lower state courts (intermediate courts

28 of appeal or trial courts), or even opinions from courts of other states. *Vernon v. City of Los Angeles*, 27

1  F.3d 1385, 1391 (9th Cir. 1994).

2  In this case, the parties agree that there is no controlling state authority as to whether a private

3  right of action exists for violation of the Industrial Welfare Commission's ("IWC") Wage Orders.  The

4  Court's research has not found any controlling authority.

5  The IWC "is the state agency empowered to formulate regulations (known as wage orders)

6  governing employment in the State of California."  *Tidewater Marine Western, Inc. v. Bradshaw*,14

7  Cal.4th 557, 561, 59 Cal.Rptr.2d 186 (1996), *cert. denied*, 520 U.S. 1248 (1997).  IWC has promulgated

8  15 industry and occupation wage orders--12 orders cover specific industries and 3 orders cover

9  occupations--and 1 general minimum wage order which applies to all California employers and

10  employees (excluding public employees and outside salesmen).  *Morillion v. Royal Packing Co.*, 22

11  Cal.4th 575, 581, 94 Cal.Rptr.2d 3, 7 (2000); *Ralph's Grocery Co. v. Superior Court*, 112 Cal.App.4th

12  1090, 1097, 5 Cal.Rptr.3d 687, 692 (2003).  The applicable Wage Order is found in the California Code

13  of Regulations, Title 8, §11050(4)( C) and (8).

14  Plaintiffs' first claim for relief, based upon 8 CCR §11050(4)( C), states:

15  "( c) When an employee works a split shift, one (1) hour's pay at the
        minimum wage shall be paid in addition to the minimum wage for that
16       workday, except when the employee resides at the place of employment."

17  Plaintiffs' second claim for relief is based upon 8 CCR §11050(8), which states:

18  "8. Cash Shortage and Breakage

19  No employer shall make any deduction from the wage or require any
     reimbursement from an employee for any cash shortage, breakage, or loss
20   of equipment, unless it can be shown that the shortage, breakage, or loss
     is caused by a dishonest or willful act, or by the gross negligence of the
21   employee."

22  The parties have not cited any state authority that either permits or denies a private right of action for

23  alleged violations of Wage Orders.  Indeed, the parties agree that there is no controlling state authority.

24  Defendants cite *Vikco Ins. Servs., Inc. v. Ohio Indemnity Co.*, 70 Cal.App.4th 55, 62, 82

25  Cal.Rptr.2d 442 (1999) for the proposition that no private right of action exists.  Under California law,

26  "[a]doption of a regulatory statute does not automatically create a private right to sue for damages

27  resulting from violations of the statute. Such a private right of action exists only if the language of the

28  statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for

1    damages." *Vikco Ins. Servs.*, 70 Cal.App.4th at 62.  When the Legislature intends to create a private right

2    of action, it will do so "directly" and "in clear, understandable, unmistakable terms." *Id.* at 62-63

3    (quoting *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287, 294-295, 250 Cal.Rptr. 116,

4    758 P.2d 58 (1988)). Indeed, "[w]hen a regulatory statute provides for enforcement by an administrative

5    agency, California courts generally conclude the Legislature intended the administrative remedy to be

6    exclusive, unless the statutory language or legislative history clearly indicates otherwise." See *Vikco Ins.*

7    *Servs.*, 70 Cal.App.4th at 66.

8        Here, the California Division of Labor Standards Enforcement ("DLSE") is "empowered to

9    enforce California's labor law, including IWC's wage orders." *Tidewater*, 14 Cal.4th at 561-62.  Thus,

10   the existence of an administrative remedy precludes a private right of action.

11       Plaintiff seeks to distinguish *Vikco* on the grounds that it is an insurance case.  However, the

12   basis for the finding of no private right of action - legislative intent and administrative enforcement - has

13   been upheld in various other cases, including labor related cases. *Matoff v. Brinker Restaurant Corp.*,

14   439 F.Supp.2d 1035 (C.D.Cal. 2006) (Plaintiff's claim under California Labor Code § 351 was dismissed

15   because the statute does not create a private cause of action - Employee brought action against employer

16   alleging unlawful tip pooling distribution.); *See also Ruiz v. Paladin Group, Inc.*, 2003 WL 22992077,

17   at *2 (C.D. Cal. 2003) (granting motion to dismiss claim on the ground that there is no private right of

18   action under California Labor Code section 558, which provided only for enforcement by the Labor

19   Commissioner; "[T]he Legislature did not clearly and unmistakably give employees the right to sue

20   under section 558."); *Goehring v. Chapman University*, 121 Cal.App.4th 353, 380, 17 Cal.Rptr.3d 39

21   (2004) (absence of assigned administrative agency and no administrative procedure or remedy by

22   provided by the statute is determinative); *See Moradi-Shalal v. Fireman's Fund Ins. Companies,* 46

23   Cal.3d 287, 304-305, 250 Cal.Rptr. 116 (1988) (no private right of action for bad faith insurance claim

24   because statute gives insurance commissioner power to enforce statute administratively).

25   **C.    Wage Orders and Common Law Torts**

26       Plaintiff argues that California has a long line of employment-related cases which protect

27   individual's rights of action in fundamental public policy violations.  *See e.g., Foley v. Interactive Date*

28   *Corp.*, 47 Cal.3d 654, 666, 254 Cal.Rptr. 211 (1988); *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167,

6

1   164 Cal.Rptr. 839 (1980).  Plaintiff argues that the tort of wrongful discharge in violation of pubic policy

2   is analogous to the first and second claims for violation of the wage orders.

3          In each of these cases, the Court created a tort action for wrongful discharge in violation of public

4   policy.  None of the cases was based upon wage orders, and therefore, the cases are distinguishable.

5          Along the same reasoning, plaintiffs argue that it is more "egregious demonstration of an

6   employer taking advantage of its position of dominance [in] causing the employee to pay for its

7   monetary losses."  (Plaintiffs' Opposition, p.5:line 10-11.) Plaintiffs argue that *Kerr's Catering Serv.*

8   *v. Dept. Of Ind. Relations*, 57 Cal.2d 319 (1962), *cert. denied*, 371 U.S. 818 (1962) supports the

9   proposition that individuals may enforce their rights against employers who make deductions from their

10  wages.

11         *Kerr's Catering Serv. v. Dept. of Ind. Relations* is distinguishable.  The case involved injunctive

12  and declaratory relief by the employer against the Department of Industrial Relations to void the wage

13  order as unconstitutional.  *Kerr's* did not involve a claim for a private cause of action by the employee

14  against the employer.  Thus, this case does not support the proposition that plaintiffs have a private right

15  of action for violation of Wage Orders or for the tort of fundamental public policy violation.

16         Plaintiff also cites *Ralph's Grocery Co. v. Superior Court*, 112 Cal.App.4th 1090, 1094 (2003)

17  Former grocery store manager filed a lawsuit individually and as a putative class representative, alleging,

18  among other things, that the grocery company was violating the Labor Code and an Industrial Welfare

19  Commission wage order for non-exempt employees, and committing unlawful business practices, by

20  improperly factoring cash and merchandise shortages in its employee bonus calculation.  *Ralph's* is

21  distinguishable because, at the demurrer stage, the court held that allegations that an employer's bonus

22  program based in part on each store's workers's compensation expenses and cash shortages stated a claim

23  for violation of specific prohibitions on deductions in Labor Code §3751.  *Hudgins v. Neiman Marcus*

24  *Group, Inc.*, 34 Cal.App.4th 1109, 1115 (1995) (Hudgins filed his complaint in September 1987,

25  alleging that Neiman Marcus unidentified returns policy violated section 221 and Business and

26  Professions Code section 17200).  Thus, the cases relied upon by plaintiff are distinguishable because

27  they did not <u>decide</u> the issue of the private right of action under a Wage Order or for the tort of

28  fundamental public policy violation.

1   Nonetheless, plaintiffs have argued that they have a fundamental public policy to protect their

2   wages.  In its reply, defendants argue that a public policy claim cannot be based upon violation of a

3   Wage Order.  This argument was presented in reply and plaintiffs have not had the opportunity to brief

4   the issue.  Accordingly, the Court will grant the motion to dismiss the first and second causes of action

5   with leave to amend to permit plaintiffs to allege a claim(s) for violation of a fundamental public policy.

6   Fed.R.Civ.P 15(a) expressly states leave to amend 'shall be freely given when justice so requires.'

7   Accordingly, leave to amend will be granted.

8   **D.      Defendants' Motion to Strike**

9   **1.      Split Shift "Penalty" Limited to a One year Statute of Limitation**

10   Defendants argue that the first cause of action, the Wage Order's Extra Pay penalty, for working

11   a split shift is limited to a one year statute of limitations.

12   This argument is moot because the first cause of action is dismissed.

13   **2.      Labor Code § 203 penalties**

14   Defendant argues that Section 203 - failure to pay wages due at the time of termination -

15   penalties are not available in connection with any of plaintiffs' claims.  Defendants argue that there are

16   no "wages" which were failed to be paid.  Plaintiff argues that the "server banking" system used by

17   defendants was in reality a wage scale reduction device, for which penalties are appropriate.

18   However, plaintiffs concede that Labor Code §203 penalties are not available to them under

19   California's Unfair Competition law.  (Plaintiffs' Opposition p.7: lines 22-26.)  Since the Wage Order

20   claims are dismissed, and plaintiffs agree the UCL claim does not support a section 203 penalty, the

21   motion to strike this allegation in the prayer will be granted.

22   **3.      Labor Code §558**

23   Plaintiffs acknowledge that they are not entitled to Labor Code §558 penalties.  Therefore, the

24   motion to strike this allegation in the prayer is granted.

25   **4.      Penalties under the UCL**

26   Plaintiffs acknowledge that they are not entitled to penalties under California's UCL - that they

27   are entitled to restitution. Therefore, the motion to strike the allegation of penalties in the UCL claim

28   is granted.

8

1    **5.        Attorneys' fees**

2         Plaintiffs acknowledge that they are not entitled to penalties under California's UCL.  Since the

3    Wage Order claims are dismissed, and the UCL claim does not support attorneys' fees, the motion to

4    strike this allegation in the prayer will be granted.

5    **6.        Punitive Damages under the UCL**

6         Punitive damages are not recoverable under the UCL.  The UCL remedies are limited to

7    restitution and injunctive relief.  Cal.Bus. & Prof.Code §17203 ("The court may make such orders or

8    judgments, . . . to restore to any person in interest any money or property, real or personal, which may

9    have been acquired by means of such unfair competition.")

10        Where a statute creates new rights and obligations not previously existing in the common law,

11   the express statutory remedy is deemed to be the exclusive remedy available for statutory violations,

12   unless it is inadequate. *Turnbull & Turnbull v. ARA Transportation, Inc.*, 219 Cal.App.3d 811, 268

13   Cal.Rptr. 856, *disapproved on another ground in Rojo v. Kliger* (1990) 52 Cal.3d 65, 276 Cal.Rptr. 130,

14   801 P.2d 373; *Czechowski v. Tandy Corp.*, 731 F.Supp. 406, 410 (N.D.Cal. 1990) (plaintiffs' claim under

15   section 17200 of the Business and Professions Code will not support an award of punitive damages.)

16   The motion to strike the allegations for punitive damages will be granted.

17   **7.        Disgorgement of Profits**

18        Plaintiffs acknowledge that they are not entitled to disgorgement of profits under California's

19   UCL, and are limited to restitution.   Since the Wage Order claims are dismissed, and the UCL claim

20   does not support penalties, the motion to strike this allegation in the prayer will be granted.

21   **8.        Allegations of the Class Action**

22        Defendants seek to strike the allegations of the class definition.  Plaintiffs' complaint define their

23   representative capacity as:      "Plaintiffs were . . . employed at the Bakersfield Olive Garden at the time

24   they sustained the injuries. . .  Plaintiffs bring this action on behalf of themselves and all others similarly

25   situated."  (Complaint ¶3.)  Johnson identifies herself as a "food server" and Brinkman as a "server."

26   (Complaint ¶8.)  Plaintiffs allege the common question of law and fact giving rise to this action are:

27              -         Defendants paid plaintiffs and class members a bonus hour as

28                        mandated by California Code of Regulations ("CCR"), Title 8,

1          §11050.4( C) when they were required to work a split shift during

2              a work day.

3          -          Defendants caused plaintiffs and class members to pay for cash shortages and

4              walkouts as is proscribed by CCR, Title 8, §11050.8.  (Complaint ¶10.)

5    The federal rules provide for notice pleading (Fed.R.Civ.P. 8), and the courts will liberally construe the

6    pleadings to avoid creating an injustice based on giving undue weight to form over substance.  Class

7    allegations should put the defendant on notice that relief is sought on behalf of a class and, basically,

8    what the nature of that class is. 6 Alba Conte & Herberg B. Newberg, *Newberg on Class Actions*, § 6:13

9    (2006).

10          Here, the allegations in the complaint notify defendant that a class action is pursued, who the

11   potential class members are - food servers and servers from the Bakersfield Olive Garden - who worked

12   a split shift or paid cash shortages.  On its face, the complaint provides adequate notice at the pleading

13   stage.

14          The distinction from the cases relied upon by defendants is that most, if not all, of the cases

15   involved class certification and not motions to strike.  *See e.g.*, *Whiteway v. FedEx Kinko's Office and*

16   *Print Services, Inc.*, 2006 WL 2642528 (N.D.Cal. 2006), but compare, *DeBremaecker v. Short* (5th Cir.

17   1970) 433 F.2d 733, 734 (pleading was addressed but in addition, evidence had been submitted in a

18   motion for preliminary injunction.)

19          All class actions under Rule 23 must meet four prerequisites:

20          1.          Numerosity,

21          2.          Commonality,

22          3.          Typicality,

23          4.          Adequacy of representation.

24   **Numerosity**:  The class must be so numerous that joinder of all members individually is

25   "impracticable."   Fed.R.Civ.P. 23(a)(1).  No specific numerical threshold is required; each case must

26   be examined.  *General Tel.C. v. E.E.O.C.*, 446 U.S. 318, 330, 100 S.Ct. 1698 (1980).  Generally, 40 or

27   more members will satisfy the numerosity requirement. *Consolidated Rail Corp. v. Town of Hyde Park*,

28   47 F.3d 473, 483 (2nd Cir. 1995).

1    A factor to consider for "numerosity", and the element challenged by defendant, is whether the

2  class is "ascertainable."  The class members need not be known at the time of certification, class

3  membership must be objectively ascertainable; i.e., it must be possible for the members to identify

4  themselves as a member of the class. *DeBremaecker v. Short* (5th Cir. 1970) 433 F.2d 733, 734 (class

5  made up of 'residents of this State active in the 'peace movement'' does not constitute an adequately

6  defined or clearly ascertainable.)

7    **Commonality**:  There must be questions of law or fact common to the class.  Fed.R.Civ.P.

8  23(a)(2).  A "common nucleus of operative facts" is usually enough to satisfy the commonality

9  requirement.  *Rosario v. Livaditis*, 963 F.2d 1013, 1017-18 (7th Cir. 1992).

10    **Typicality**:  The claims or defenses of the class representative must be typical of the claims or

11  defenses of the class. Fed.R.Civ.P. 23(a)(3).  The named plaintiff must be a member of the class. *Bailey*

12  *v. Patterson,* 362 U.S. 31. 32 -33, 82 S.Ct. 549 (1962).

13    **Adequacy of Representation**:  The person representing the class must be able "fairly and

14  adequately to protect the interests" of all members in the class.  Fed.R.Civ.P. 23(a)(4).  The

15  representation is "adequate" if the attorney representing the class is qualified and competent and the

16  class representatives are not disqualified by interests antagonistic to the remainder of the class.  *Lerwill*

17  *v. Inflight Motion Pictures, Inc.* 582 F.2d 597, 512 (9th Cir. 1978).

18

19    The Court does not rule whether the class(es) identified would be subject to certification upon

20  a motion to certify.  See e.g., *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 (D.N.J. 2003) (defendant

21  may move to strike class action allegations prior to discovery in those rare cases where the complaint

22  itself demonstrates that the requirements for maintaining a class action cannot be met.) Here, the class

23  allegations are sufficient to put defendants on notice that relief is sought on behalf of a class and,

24  basically, what the nature of that class is.

25  /////

26  /////

27  /////

28  ////

**CONCLUSION**

For the foregoing reasons, this Court:

1.    GRANTS defendant's F.R.Civ.P. 12(b)(1) and (6) motion to dismiss with LEAVE TO
AMEND.

2.    ORDERS plaintiffs, no later than 15 days from date of service of the order, to file an
amended complaint in compliance with this order.

3.    GRANTS the Motion to Strike the allegations of:

        A.    Labor Code § 203 penalties,

        B.    Labor Code §558 penalties,

        C.    Unfair Competition Law penalties,

        D.    Attorneys' fees,

        E.    Punitive Damages under the UCL, and

        F.    Disgorgement of Profits.

4.    DENIES the Motion to Strike the class action allegations.

IT IS SO ORDERED.

**Dated:    March 28, 2007**          **/s/ Lawrence J. O'Neill**
b9ed48                    UNITED STATES DISTRICT JUDGE