# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA JOHNSON, et al.,<br><br>           Plaintiff,<br><br>      vs.<br><br>GMRI, INC., et al,<br><br>           Defendants.<br>_____ / | CASE NO. CV F 07-0283 LJO DLB<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE**<br>(Docs. 22, 24.) |

**INTRODUCTION**

In this purported class action alleging unfair wage claims, defendants GMRI, Inc. and Darden Restaurant's, Inc. (collectively "defendants") seek to dismiss claims and strike allegations which this Court dismissed and struck from plaintiffs Anna Johnson ("Ms. Johnson") and Landon Brinkman's ("Ms. Brinkman's") original complaint. Defendants further seek to dismiss Ms. Johnson and Ms. Brinkman's (collectively "plaintiffs'") money had and received common count. Plaintiffs contend that a recent California Supreme Court decision revives their dismissed claims and struck allegations. This Court considered defendants' motions to dismiss and to strike on the record and VACATES the May 25, 2007 hearing, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed below, this Court GRANTS defendants' motions to dismiss and to strike.

1

# BACKGROUND

## Original Order To Dismiss And To Strike

Defendants operate the Bakersfield Olive Garden restaurant where plaintiffs worked as food servers. Plaintiffs pursue this action for themselves and other food servers and bartenders employed by defendants. Plaintiffs contend that common questions exist whether defendants:

1. Paid plaintiffs and class members a bonus hour required by California Code of Regulations ("CCR"), Title 8, section 11050.4(C) ("CCR 11050.4(C)")when they were required to work a split shift during a work day; and

2. Caused plaintiffs and class members to pay for cash shortages and walkouts as proscribed by CCR, Title 8, section 11050.8 ("CCR 11050,8").

Defendants filed their motions to dismiss and to strike portions of plaintiffs' original complaint. This Court's March 29, 2007 order ("March 29 order"):

1. Dismissed plaintiffs' (first) cause of action for failure to pay split shift premiums in violation of CCR 11050.4(C);

2. Dismissed plaintiffs' (second) cause of action for requiring payment for cash shortages in violation of CCR 11050.8;

3. Granted plaintiffs leave to amend their first and second causes of action "to allege claim(s) for violation of a fundamental public policy" and "in compliance with this order"; and

4. Struck requested relief, including penalties under California Labor Code sections 203 and 558 and unfair competition law of California Business & Professions Code sections 17200, et seq. ("Unfair Competition Law"), attorney fees, punitive damages and disgorgement of profits.

## Plaintiffs' First Amended Complaint

On April 12, 2007, plaintiffs filed their first amended complaint which is virtually identical to their original complaint except that it adds a (third) money had and received common count. The first amended complaint makes no attempt to allege claims for violation of fundamental public policy and includes the requested relief stricken by the March 29 order. The original complaint's dismissed first and second causes of action and stricken relief appear word-for-word identical in the first amended

2

complaint. The first amended complaint's (fourth) unfair competition cause of action mirrors the original complaint's third cause of action and alleges that defendants violated California Labor Code provisions and engaged in unlawful and unfair business practices to violate the Unfair Competition Law.

### Recent California Supreme Court Decision

On April 16, 2007, after plaintiffs filed their first amended complaint, the California Supreme Court issued *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, 56 Cal.Rptr.3d 880 (2007). In *Murphy*, 40 Cal.4th 1094, 56 Cal.Rptr.3d at 883, the California Supreme Court addressed whether:

1. Whether the one additional hour of pay under California Labor Code section 226.7[1] ("section 226.7") constitutes a wage/premium or a penalty to determine application of a three-year vs. one-year limitations period; and

2. A trial court, conducting a de novo trial, can consider additional wage claims not presented in administrative proceedings before the California Labor Commissioner.

The California Supreme Court held that the California Legislature "intended section 226.7 first and foremost to compensate employees for their injuries" and that section 226.7's additional hour of pay is not a penalty to invoke a shorter one-year limitations period. *Murphy*, 40 Cal.4th 1094, 56 Cal.Rptr.3d at 892, 895. Noting that an employee seeking a wage-related claim may file a civil action or first pursue administrative relief with the California Labor Commissioner, the California Supreme Court held that a trial court may consider additional, but related, wage claims during the de novo trial. *Murphy*, 40 Cal.4th 1094, 56 Cal.Rptr.3d at 883, 896.

### DEFENDANTS' MOTION TO DISMISS

Like the original complaint, the first amended complaint alleges a (first) split shift premiums cause of action that defendants violated CCR 11050.4(C) because defendants required plaintiffs and class members routinely to work second "split" shifts but failed to compensate plaintiffs and class

/ / /

---

[1] Section 226.7(a) provides: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." Section 226.7(b) continues that: "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

members an additional hour for that work.[2] Like the original complaint, the first amended complaint alleges a (second) cash shortages cause of action that defendants violated CCR 11050.8 because defendants required plaintiffs and class members to reimburse defendants for shortages from customers who did not pay although shortages were not caused by plaintiffs or class members' dishonest or willful acts or gross negligence.[3]

Unlike the original complaint, the first amended complaint's (third) money had and receive common count alleges that plaintiffs were induced to give money which plaintiffs have not received as compensation from defendants.

With their current motion to dismiss, defendants seek to dismiss the first amended complaint's:

1. Split shift premiums (first) and cash shortages (second) causes of action on grounds that this Court lacks jurisdiction over them and that they fail to state a claim upon which relief may be granted in that there is no private right of action for violation of CCR 11050.4(C) and 11050.8; and

2. Money had and received common count (third cause of action) on grounds that it lacks facts to establish elements of the cause of action.

**Motion To Dismiss Standards**

Defendants may challenge this Court's jurisdiction over the subject matter of plaintiffs' complaint under F.R.Civ.P. 12(b)(1). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack jurisdiction "facially" or "factually." *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221,

---

[2] CCR 11050.4(C) provides: "When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment.

[3] CCR 11050.8 provides: "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by dishonest or willful act, or by gross negligence of the employee."

1225 (9th Cir. 1989). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P. 8(a)(1).

The United States Supreme Court in *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.Ct. 338 (1926) explained:

> A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case unless the defect be corrected by amendment.

When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992). A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F.2d at 891. In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In this case, defendants' motion to dismiss for lack of subject matter jurisdiction is a facial challenge to the first amended complaint, and this Court need not address extrinsic evidence.

Defendants further seek dismissal of the (first) split shift premiums and (second) cash shortages causes of action under F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether

a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).

With these standards in mind, this Court turns to defendants' motion to dismiss plaintiffs' first, second and third causes of action.

## **Private Right Of Action**

Defendants challenge plaintiffs' (first) split shift premiums and (second) cash shortages causes of action on grounds that no private right of action exists for violations of CCR 11050.4(C) and 11050.8. The March 29 order noted that the California Division of Labor Standards Enforcement is "empowered to enforce California's labor law," including CCR 11050.4(C) and 11050.8. *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal.4th 557, 561, 59 Cal.Rptr.2d 186, *cert. denied*, 520 U.S. 1248 (1997). With the March 29 order, this Court found "the existence of an administrative remedy precludes a private action." This Court granted plaintiffs leave to amend their first and second causes of action "to allege claim(s) for violation of a fundamental public policy" and "in compliance with this order."

Plaintiffs contend that the California Supreme Court in *Murphy* held that a California Industrial Welfare Commission ("IWC") wage order "will support a private civil action by an aggrieved employee." Plaintiffs rely on the following from *Murphy*, 40 Cal.4th 1094, 56 Cal.Rptr.2d at 896:

> The Labor Commissioner "has broad authority to investigate employee complaints and to conduct hearings in actions 'to recover wages, penalties, and other demands for compensation . . .' . . . The statute [California Labor Code section 98.2] provides for three alternatives: the commissioner may either accept the matter and conduct an administrative hearing [citation], prosecute a civil action for the collection of wages and other money payable to employees arising out of an employment relationship [citation], or take no further action on the complaint. [Citation.]"

6

The California Supreme Court in *Murphy*, 40 Cal.4th 1094, 56 Cal.Rptr.3d at 897, further explained proceedings under California Labor Code section 98.2:

> 'A hearing de novo [under Labor Code section 98.2] literally means a new hearing, that is, a new trial.' [Citation.] The decision of the commissioner is 'entitled to no weight whatsoever, and the proceedings are truly "a trial anew in the fullest sense."' [Citation.] . . . Review is of the facts presented to the trial court, which may include entirely new evidence. [Citations.]"

Plaintiffs acknowledge the absence of a "specific Labor Code section which gives employees a cause of action to split shift premiums and reporting time pay." Plaintiffs appear to argue that CCR 11040.4's one-hour split shift wage is compensation. Plaintiffs contend that California Labor Commissioner's broad powers permit the Commissioner to "adjudicate issues relating to employees paying for cash shortages in violation of CCR 11050.8." Plaintiffs conclude that under *Murphy*, wage orders "give employees individual rights of action."

Defendants contend that plaintiffs "have misrepresented" *Murphy* in that "*Murphy* says absolutely nothing about a private right of action for violation of a Wage Order." Defendants point out that the claims in *Murphy* were "based on alleged violation of Labor Code provisions for which there is an express private right of action." Defendants argue that the California Labor Commissioner's ability to bring a civil action for a California Labor Code violation does not equate to a private action for a wage order violation.

The first amended complaint fails to allege claims for violation of a fundamental public policy in that it merely repeats the (first) split shift premiums and (second) cash shortages causes of action which this Court dismissed. Plaintiffs fail to demonstrate that or how *Murphy* converted their split shift and cash shortages causes of action into private rights of action. In *Murphy*, the California Supreme Court addressed the applicable limitations period to a meal and rest period statute and de novo trial court proceedings. The California Supreme Court did not address CCR 11040.4(C) or 11050.8 or similar wage orders. Particularly troubling is that plaintiffs filed their amended complaint four days before *Murphy* was issued. Plaintiffs' reliance on *Murphy* to file their amended complaint cannot be taken seriously. Plaintiffs have failed to comply with the March 29 order to attempt to maintain their (first) split shift premiums and (second) cash shortages causes of action. A further attempt at amendment is unwarranted based on how plaintiffs proceeded with their first amended complaint. Plaintiffs' (first)

split shift premiums and (second) cash shortages causes of action are dismissed with prejudice.

## Money Had And Received

As a reminder, the first amended complaint adds a (third) money had and received common count that plaintiffs were induced to give money which plaintiffs have not received as compensation from defendants. Defendants contend that the third cause of action fails to state sufficient facts.

In the common law action of general assumpsit, plaintiffs customarily plead an indebtedness using "common counts." *Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445, 460, 61 Cal.Rptr.2d 707, 715 (1997). The essential allegations of a common count are (1) a statement of indebtedness in a "certain sum;" (2) the consideration, i.e., goods sold, work done, etc.; and (3) nonpayment. *Zerin*, 53 Cal.App.4th at 460; 61 Cal.Rptr.2d at 715. A cause of action for money had and received is stated if it is alleged the defendant "is indebted to the plaintiff in a certain sum 'for money had and received by the defendant for the use of the plaintiff.'" *Schultz v. Harney,* 27 Cal.App.4th 1611, 1623, 33 Cal.Rptr.2d 276 (1994).

Defendants argue that the third cause of action does not allege "the threshold element of the claim – that Defendants owed them a *certain sum*." (Italics in original.) Defendants characterize plaintiffs' allegations of alleged loses as "estimates." Defendants point to Ms. Johnson's allegation that she "has no records setting forth the actual amount of money owed by Defendant to her during the approximately two years and two months that she was employed in California but she estimates that she had to pay more than $2000 for cash shortages and walkouts which were not the result of any dishonest or willful act or by her gross negligence." Defendants further note Mr. Brinkman's allegation that he "has no records setting forth the actual amount of money owed by Defendant to him during the approximately six months he was employed in California but he estimates that he had to pay more than $450 for cash shortages and walkouts which were not the result of any dishonest or willful act or by his gross negligence." The first amended complaint also alleges that "servers and bartenders are sometimes unaware of the shortages" and "[p]laintiffs and Class members usually didn't realize that they were making up Defendant's shortages." Defendants conclude that "[p]laintiffs' admitted inability to plead a sum certain owed to them dooms their common count for money had and received."

Plaintiffs respond that they were induced to give money and provide labor to defendants in

unknown sums because they were not compensated the one-hour wage for working split shifts and paid defendants cash shortages due to defendants' malicious and oppressive conduct.  Plaintiffs appear to argue that they need only estimate their damages and the burden shifts to defendants to rebut such estimates.  Plaintiffs rely on a quote from *Rains v. Arnett*, 189 Cal.App.2d 337, 344, 11 Cal.Rptr. 299, 303 (1961), that: "Technically, an action for money had and received lies in cases where one person has in his possession money which in equity and good conscience he ought to pay over to another."

Plaintiffs fail meaningfully to challenge that they must allege a sum certain.  Plaintiffs fail to demonstrate that their mere estimates substantiate their (third) money had and received common count.  Without more from plaintiffs, an attempt to amend their (third) money had and received common count is unwarranted.  Their (third) money had and received common count is dismissed with prejudice.

## **DEFENDANTS' MOTION TO STRIKE**

As they did with plaintiffs' original complaint, defendants seek to strike from the first amended complaint:

1. The prayer "[f]or compensatory damages for not receiving compensation after having worked split shifts";
2. The prayers for California Labor Code section 203 and 558 penalties;
3. The request for attorney fees from the (first) split shift premiums cause of action and prayer for attorney fees;
4. The (second) cash shortages cause of action's allegation to support punitive damages and prayer for punitive damages; and
5. The disgorgement of profits allegation in the (fourth) unfair competition cause of action.

Defendants note that the March 29 order struck identical allegations and prayers of relief from the original complaint and that the new money had and received common count does not support the stricken allegations and prayers for relief.  Plaintiffs assert that *Murphy* "substantiates" their first amended complaint and addresses issues subject to the March 29 order.

### **Motion To Strike Standards**

F.R.Civ.P. 12(f) empowers a court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike may be granted if "it is clear that the

9

matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994).

An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc.*, 984 F.2d at 1527; *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120, n. 5 (D. P.R. 1972); *Fleischer v. A.A.P., Inc.*, 180 F.Supp. 717 (D. Pa. 1958). An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties. *Gilbert*, 56 F.R.D. at 120, n. 6; *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134 (D. Pa. 1946). An "impertinent" matter consists of statements that do not pertain and are unnecessary to the issues in question. *Fantasy, Inc.*, 984 F.2d at 1527. Matters may be stricken to reduce trial complication or if challenged allegations are so unrelated to plaintiff's claims to be unworthy of consideration as a defense and their presence in the pleading will prejudice the party seeking to strike matters. *Fantasy, Inc.*, 984 F.2d at 1527.

With these standards in mind, the Court turns to the matters which defendants seek to strike from the first amended complaint.

### California Labor Code Section 203 Penalties

Defendants seek to strike the prayer for California Labor Code section 203 penalties because they are applicable only to payment of wages upon termination, a claim missing from the first amended complaint. The March 29 order struck the original complaint's prayer for California Labor Code section 203 penalties with dismissal of the (first) split shift premiums and (second) cash shortages causes of action.

Again, plaintiffs fail to demonstrate the viability of the (first) split shift premiums and (second) cash shortages causes of action. The prayer of California Labor Code section 203 penalties is again stricken.

**California Labor Code Section 558 Penalties**

Defendants seek to strike the prayer for California Labor Code section 558 penalties because they are applicable only to specified hours and days of work provisions of the California Labor Code, a claim missing from the first amended complaint. The March 29 order struck the original complaint's prayer for California Labor Code section 558 penalties because plaintiffs acknowledged they were not entitled to them.

Plaintiffs again acknowledge that they are not entitled to California Labor Code section 558 penalties. The first amended complaint's prayer for California Labor Code section 558 penalties is stricken.

**Attorneys Fees**

Defendants seek to strike the first amended complaint's reference to and prayer for attorney fees on grounds that attorney fees are not recoverable under CCR 11050.4(C) or 11050.8 or the Unfair Competition Law. The March 29 order struck the original complaint's reference to and prayer for attorney fees with dismissal of the (first) split shift premiums and (second) cash shortages causes of action and because plaintiffs acknowledged they were not entitled to them under the Unfair Competition Law.

Plaintiffs assert that they trigger a California Labor Code section 1194 attorney fees award because "servers are traditionally paid the legal minimum wage" and "failure to pay a wage for split shift premiums drops the server below the minimum wage." Defendants respond that even if they had failed to make the required split shift payment, there is no showing that plaintiffs earned less than minimum wage to support an attorney fees claim.

Again, plaintiffs fail to demonstrate availability of attorney fees given the failure of their (first) split shift premiums and (second) cash shortages causes of action and absence of applicable authority for attorney fees. The first amended complaint offers nothing to invoke a California Labor Code section 1194 attorney fees award, and plaintiffs make no effort to substantiate their assertion that servers are traditionally paid minimum wage, let alone plead as much. The first amended complaint's reference to and prayer for attorney fees is stricken.

///

**Punitive Damages**

Defendants seek to strike the (second) cash shortages cause of action's allegation to support punitive damages and the prayer for punitive damages on grounds that punitive damages are not recoverable under CCR 11050.4(C) or 11050.8 or the Unfair Competition Law. The March 29 order struck the punitive damages allegation and prayer as non-recoverable under the Unfair Competition Law.

Plaintiffs point to no viable avenue for punitive damages, especially given the failure of the (second) cash shortages cause of action. The (second) cash shortages cause of action's allegation to support punitive damages and the prayer for punitive damages are stricken.

**Profits Disgorgement**

Defendants seek to strike the profits disgorgement allegation in the (fourth) unfair competition cause of action on grounds that profits disgorgement is unavailable under the Unfair Competition Law. The March 27 order struck the profits disgorgement allegation with dismissal of the (first) split shift premiums and (second) cash shortages causes of action and because plaintiffs acknowledged that they are not entitled to profits disgorgement under the Unfair Competition Law, which limits plaintiffs to restitution.

Plaintiffs fail to demonstrate they are entitled to profits disgorgement under the Unfair Competition Law, especially since they acknowledged they are not entitled to such in response to defendants' original motion to strike. In an Unfair Competition Law action, "[p]laintiffs are generally limited to injunctive relief and restitution," not profits disgorgement. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 4th 1134, 1144-1145, 131 Cal.Rptr. 29 (2003). The profits disgorgement allegation in the (fourth) unfair competition cause of action is stricken.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice the first amended complaint's (first) split shift premiums and (second) cash shortages causes of action and (third) money had and received common count;

2. STRIKES from the first amended complaint:

    a. The words "reasonable attorney fees and" from paragraph 23 (page 5, lines 21-

        22);

    b.    Entire paragraph 42 (page 9, lines 14-18); and

    c.    The words "and/or including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff and the Class members to the financial place they would have been but for Defendant's conduct as set forth herein" from paragraph 54 (page 11, lines 12-14);

3.    STRIKES from the first amended complaint's prayer:

    a.    "1.  For compensatory damages for not receiving compensation after having worked split shirts." (page 11, lines 18-19);[4]

    b.    "2.  For penalties pursuant to LC §203 for Plaintiff and all Class members whose employment was terminated prior to the filing of this complaint." (page 11, lines 20-21);

    c.    "3.  For civil penalties pursuant to LC §558 for $50 for each violation and $100 for each subsequent violation for each pay period the Defendant violated Plaintiffs and Class members rights pursuant to CCR 11050.8 and CCR 11050.4(C)." (page 11, lines 22-24);

    d.    "5.  For punitive damages for fraud, malice and oppression pursuant to CC §3294." (page 11, line 27); and

    e.    "6.  An award of attorney fees." (page 11, line 28); and

4.    ORDERS defendants, no later than June 6, 2007, to file and serve a responsive pleading to the first amended complaint's remaining claims and allegations.

IT IS SO ORDERED.

**Dated:   May 21, 2007**                  /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

---

[4] Such relief is rendered moot given dismissal of the (first) split shift premiums cause of action.