# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA JOHNSON, et al., | CASE NO. CV F 07-0283 LJO DLB |
| Plaintiffs, | **ORDER ON DEFENDANTS' SANCTIONS MOTION** |
| vs. | (Doc. 32.) |
| GMRI, INC., et al, | |
| Defendants. | |

## INTRODUCTION

In this unfair wage action, defendants GMRI, Inc. and Darden Restaurant's, Inc. (collectively "defendants") seek a $15,310 sanction under F.R.Civ.P. 11 from plaintiffs Anna Johnson and Landon Brinkman (collectively "plaintiffs") and their counsel for defendants' legal expenses to dismiss and strike claims and allegations of plaintiffs' first amended complaint and most of which this Court had struck from plaintiffs' original complaint. Plaintiffs contend that they expected the California Supreme Court to issue a decision to support repleading their dismissed and struck claims and allegations. This Court considered defendants' sanction motion on the record and VACATES the June 21, 2007 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court GRANTS in part defendants' F.R.Civ.P. 11 motion and IMPOSES a $5,000 sanction on plaintiffs' counsel.

# BACKGROUND

## Original Order To Dismiss And To Strike

Defendants operate the Bakersfield Olive Garden restaurant where plaintiffs worked as food servers. Plaintiffs pursue this action for themselves and other food servers and bartenders employed by defendants. Plaintiffs contend that common questions exist whether defendants:

1. Paid plaintiffs and potential class members a bonus hour required by California Code of Regulations ("CCR"), Title 8, section 11050.4(C) ("CCR 11050.4(C)")when they were required to work a split shift during a work day; and

2. Caused plaintiffs and potential class members to pay for cash shortages and walkouts as proscribed by CCR, Title 8, section 11050.8 ("CCR 11050.8").

Defendants filed their motions to dismiss and to strike portions of plaintiffs' original complaint. This Court's March 29, 2007 order ("March 29 order"):

1. Dismissed plaintiffs' (first) cause of action for failure to pay split shift premiums in violation of CCR 11050.4(C);

2. Dismissed plaintiffs' (second) cause of action for requiring payment for cash shortages in violation of CCR 11050.8;

3. Granted plaintiffs leave to amend their first and second causes of action "to allege claim(s) for violation of a fundamental public policy" and "in compliance with this order"; and

4. Struck requested relief, including penalties under California Labor Code sections 203 and 558 and unfair competition law of California Business & Professions Code sections 17200, et seq. ("Unfair Competition Law"), attorney fees, punitive damages and disgorgement of profits.

## Plaintiffs' First Amended Complaint

On April 12, 2007, plaintiffs filed their first amended complaint which is virtually identical to their original complaint except that it adds a (third) money had and received common count. The first amended complaint makes no attempt to allege claims for violation of fundamental public policy and includes the requested relief stricken by the March 29 order. The original complaint's dismissed first and second causes of action and stricken relief are repeated identically word-for-word in the first

amended complaint. The first amended complaint's (fourth) unfair competition cause of action mirrors the original complaint's third cause of action and alleges that defendants violated California Labor Code provisions and engaged in unlawful and unfair business practices to violate the Unfair Competition Law.

On April 24, 2007, defendants filed and served motions to dismiss the first amended complaint's first, second and third causes of action and to strike allegations and relief claims which the March 29 order had struck. Also on that date, defendants served plaintiffs with their F.R.Civ.P. 11 sanctions papers to seek defendants' legal expenses incurred up to that time to respond to the first amended complaint. To oppose the motions to dismiss and to strike and to attempt to revive their dismissed claims, plaintiffs relied on *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, 56 Cal.Rptr.3d 880 (2007), which the California Supreme Court issued four days after plaintiffs had filed their first amended complaint. This Court's May 21, 2007 order ("May 21 order") dismissed with prejudice the first amended complaint's (first) split shift premiums and (second) cash shortage causes of action and struck the same allegations and relief claims which the March 29 order had struck from the original complaint. In the May 21 order, this Court concluded that *Murphy* failed to convert plaintiffs split shift and cash shortages causes of action into private rights of action and questioned plaintiffs' reliance on *Murphy*. The May 21 order further dismissed with prejudice the first amended complaint's (third) money had and received common count on grounds that plaintiffs estimated unpaid wages failed to substantiate the claim.

### Sanction Motion

On May 22, 2007, defendants filed and served their F.R.Civ.P. 11 motion to seek from plaintiffs and their counsel $15,310 for legal expenses billed by defense counsel to prepare papers to dismiss and to strike claims from the first amended complaint. Defendants premise their F.R.Civ.P. 11 motion on grounds that the first amended complaint:

1.  Was presented for an improper purpose, including to harass or to cause unnecessary delay or needless increased litigation costs; and
2.  Included a (third) money had and received common count that lacks evidentiary support and is unlikely to have evidentiary support after reasonable opportunity for further investigation or discovery.

1  Defendants calculate their $15,310 sanction request on partner billings of $11,192.50 (18.5 hours
2  multiplied by $605 hourly rate) and associate billings of $4,117.50 (13.5 hours multiplied by $305
3  hourly rate).

4      Plaintiffs respond that they filed the first amended complaint under time constraints and in good
5  faith anticipation that *Murphy* would revive their dismissed and struck claims and allegations. Plaintiffs
6  contend the first amended complaint "was made in every attempt to act as a zealous advocate."
7  Plaintiffs argue that the "novelty" of their claims supported the first amended complaint's (third) money
8  had and received common count.

## DISCUSSION

### F.R.Civ.P. 11 Standards

F.R.Civ.P. 11(b) addresses representations to the Court and provides in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

F.R.Civ.P. 11(c)(2) addresses the nature of sanctions a court may impose and provides in pertinent part:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. . . . [T]he sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.
>
> (A) Monetary sanctions may not be awarded against a represented party for violation of subdivision (b)(2) [frivolous claim].

F.R.Civ.P. 11(c)(1)(A) further provides: "If warranted, the court may award to the party prevailing on the motion [for sanctions] the reasonable expenses and attorney's fees incurred in

presenting or opposing the motion."

"The central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447 (1990) (partially superseded, on other grounds, by 1993 Rule 11 amendment). Purposes of F.R.Civ.P. 11 sanctions include to deter dilatory or abusive pretrial tactics, to avoid delay and unnecessary expense, and to streamline litigation. *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986). "[S]anctions must be imposed on the signer of a paper if either (a) the paper is filed for an improper purpose, or (b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). "Frivolous" denotes "a filing that is both baseless and made without a reasonable and competent inquiry." *Townshend*, 929 F.2d at 1358. F.R.Civ.P. 11 sanctions may be imposed when a portion, not the entirety, of a pleading is frivolous. *See Townshend*, 929 F.2d at 1364-1365.

F.R.Civ.P. 11 "creates an objective standard of 'reasonableness under the circumstances.'" *Golden Eagle*, 801 F.2d at 1536; Advisory Committee Note, 97 F.R.D. 165, 198 (1983). The Ninth Circuit Court of Appeals has articulated the objective reasonableness standard:

> As we have observed, the subjective intent of the pleader or movant to file a meritorious document is of no moment. The standard is reasonableness. The "reasonable man" against which conduct is tested is a competent attorney admitted to practice before the district court.

*Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986), *abrogated on other grounds, Cooter & Gull v. Hartmarx Corp.*, 496 U.S. 384, 399-400, 110 S.Ct. 2447 (1990). "If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed." *Golden Eagle*, 801 F.2d at 1538; *Zaldivar*, 780 F.2d at 832; *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2nd Cir. 1985).

The Ninth Circuit Court of Appeals has further explained:

> Sanctions should be imposed if (1) "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is [or other paper] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law" or if (2) "a pleading [or other paper] has been interposed for any improper purpose."

*Golden Eagle*, 801 F.2d at 1537 (quoting *Eastway*, 762 F.2d at 254); *see also McLaughlin v. Western*

*Casualty & Surety Co.*, 603 F.Supp. 978, 981 (S.D. Ala. 1985).

Prevailing on a motion or petition is not determinative:

> Thus the granting of a motion to dismiss the complaint for failure to state a claim, or the granting of a summary judgment against the pleader is not dispositive of the issue of sanctions. The pleader, at a minimum, must have a "good faith argument" for his or her view of what the law is, or should be. A good faith belief in the merit of a legal argument is an objective condition which a competent attorney attains only after "reasonable inquiry." Such inquiry is that amount of examination into the facts and legal research which is reasonable under the circumstances of the case.
>
> . . . Thus, we affirm that Rule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.

*Zaldivar*, 780 F.2d at 830-831.

For further guidance, the Second Circuit Court of Appeals has commented:

> Rule 11 "is targeted at situations 'where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands.'" . . .

*Associated Indemnity Corp. v. Fairchild Industries, Inc.*, 961 F.2d 32, 34 (2nd 1992).

Nonetheless, F.R.Civ.P. 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." F.R.Civ.P. 11 Adv. Comm. Notes (1983). F.R.Civ.P. 11 "seeks to strike a balance between the need to curtail abuse of the legal system and the need to encourage creativity and vitality in the law." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483-484 (3rd Cir. 1987).

Defendants point out that the first amended complaint's (first) split shift premiums and (second) cash shortages causes of action are identical to the same causes of action dismissed from the original complaint. Defendants note that the first amended complaint included identical allegations and relief claims stricken by the March 29 order. Defendants contend that the first amended complaint's (third) money had and received common count is neither supported nor could be supported by evidence in that the first amended complaint acknowledges that plaintiffs are unaware of amounts owed by defendants. Defendants claim that as "a result of the conduct of Plaintiffs and their counsel," defendants were compelled to incur $15,310 attorney fees to prepare moving and reply papers for defendants' motions to dismiss and to strike.

Plaintiffs respond that the novelty of this case "demands" creativity "to require innovation and

interpretations of case law not previously attempted." Plaintiffs claim they knew that *Murphy* was under submission and that it was "a case seemingly on point" to set precedent to the first amended complaint's (first) split shift premiums and (second) cash shortages causes of action and to revive the dismissed and struck claims and allegations. Plaintiffs further claim that they had "a limited time frame on the eve of what reasonably could have been seen by the Plaintiffs to be an influential ruling effecting a substantial verdict to a potentially large class." Plaintiffs acknowledge that they "albeit wrongly, chose to stay the course in hopes that the groundwork was being laid by the Supreme Court." As to the first amended complaint's (third) money had and received common count, plaintiffs assert they "should not be additionally punished because of inability at the time of pleading to ascertain" the sum of their alleged damages.

Plaintiffs' first amended complaint contained word-for-word identical dismissed and struck claims and allegations and added a questionable cause of action. Defendants characterize the first amended complaint as a "direct violation" of the March 29 order. Defendants are correct. Plaintiffs claim they relied on a *Murphy*, a California Supreme Court decision, issued four days after plaintiffs filed the first amended complaint. With its May 21 order, this Court demonstrated *Murphy*'s inapplicability and failure to revive plaintiffs' dismissed and struck claims and stricken allegations.

As noted by defendants, plaintiffs provide no authority that a party may ignore a court order based on speculation that the California Supreme Court will issue a favorable decision. Moreover, plaintiffs provide nothing to suggest that *Murphy* would reasonably support refiling plaintiffs' dismissed and struck claims and allegations or that plaintiffs' counsel could have reasonably expected that *Murphy* would provide such support. *Murphy* did not address the issues in this action to render unreasonable plaintiffs' reliance on *Murphy*. Plaintiffs' attorneys were expected to know that *Murphy* addressed statutorily authorized private civil actions for California Labor Code violations not at issue here. Plaintiffs assert clearly distinguishable claims for wage order violations for which there is neither a private nor statutorily authorized right of action. As defendants succinctly state: "No reasonable attorney would conclude that it is appropriate to file a [first amended complaint] that completely disregards a Court's Order under these circumstances."

In short, plaintiffs refiled that which had been dismissed and struck and relied on an undecided,

1  inapplicable California Supreme Court decision to do so. "Without question, successive complaints
2  based upon propositions of law previously rejected may constitute harassment under Rule 11." *Zaldivar*,
3  780 F.2d at 832. Under the circumstances, such action is unreasonable given other available options,
4  including: (1) filing a first amended complaint in compliance with the March 29 order and seeking to
5  amend it post-*Murphy*; (2) filing a post-*Murphy* motion for reconsideration; (3) seeking a stay pending
6  the *Murphy* decision; or (4) seeking appellate relief. Plaintiffs chose no such option and compounded
7  matters by adding a dubious (third) money had and received common count which was negated by the
8  first amended complaint's acknowledgment that plaintiffs lacked "records setting forth the actual amount
9  of money owed." Plaintiffs alleged creativity fails to mitigate disobedience of the March 29 order.

10  Defendants were compelled to oppose plaintiffs' previously dismissed claims, struck allegations
11  and new claim. Defendants provided plaintiffs a 21-day notice under F.R.Civ.P. 11(c)(1)(A) prior to
12  filing their sanction motion in hopes of averting further defense costs. Plaintiffs unreasonably filed the
13  first amended complaint and relied on *Murphy* to revive dismissed and struck claims and allegations.
14  Based on plaintiffs' conduct, defendants are entitled to a monetary sanction. However, defendants ask
15  a steep $15,310 price for their modest efforts to dismiss and to strike the first amended complaint claims
16  and allegations. Defendants moving and reply papers, although well written, were brief and did not
17  require extensive research given that the legal issues remained the same and defendants had the benefit
18  of the March 29 order. This Court's review of the matter reveals $5,000 is more appropriate to fulfill
19  F.R.Civ.P. 11 purposes and to compensate defendants. Although defendants seek to impose the sanction
20  jointly on plaintiffs and their counsel, this Court is not in a position to do so. *See* F.R.Civ.P.
21  11(c)(2)(A).

## CONCLUSION AND ORDER

23  For the reasons discussed above, this Court GRANTS in part defendants' F.R.Civ.P. 11 sanction
24  motion and ORDERS plaintiffs' counsel, no later than July 21, 2007, to pay $5,000 to defense counsel
25  as a F.R.Civ.P. 11 sanction and to notify this Court of payment of the sanction.
26  IT IS SO ORDERED.
27  **Dated:   June 18, 2007**                    **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE
28