# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA JOHNSON, et al., | CASE NO. CV F 07-0283 LJO DLB |
| Plaintiffs, | **ORDER ON DEFENDANTS' MOTION TO STRIKE RESTITUTION CLAIM** |
| vs. | (Doc. 33.) |
| GMRI, INC., et al, | |
| Defendants. | |

## INTRODUCTION

In this unfair wage action, defendants GMRI, Inc. and Darden Restaurant's, Inc. (collectively "defendants") seek to strike plaintiffs Anna Johnson ("Ms. Johnson") and Landon Brinkman's ("Mr. Brinkman's") claim for restitution alleged in Ms. Johnson and Mr. Brinkman's (collectively "plaintiffs'") sole remaining claim under the unfair competition law of California Business & Professions Code sections 17200, et seq. ("Unfair Competition Law"). Plaintiffs contend that defendants seek to deprive plaintiffs of a remedy which fulfills Unfair Competition Law Purposes. This Court considered defendants' motion to strike on the record and VACATES the July 10, 2007 hearing, pursuant to Local Rule 78-230(c), (h).[1]  For the reasons discussed below, this Court GRANTS defendants' motion to strike.

---

[1] Plaintiffs untimely filed and served their opposition papers on June 27, 2007. This Court considered plaintiffs' untimely papers.

# BACKGROUND

Defendants operate the Bakersfield Olive Garden restaurant where plaintiffs worked as food servers. Plaintiffs pursue this action for themselves and other food servers and bartenders employed by defendants. Plaintiffs contend that defendants:

1. Failed to pay plaintiffs and potential class members a bonus hour required by California Code of Regulations ("CCR"), Title 8, section 11050.4(C) ("CCR 11050.4(C)")[2] when they were required to work a split shift during a work day; and

2. Caused plaintiffs and potential class members to pay for cash shortages and walkouts as proscribed by CCR, Title 8, section 11050.8 ("CCR 11050.8").[3]

Defendants filed their motions to dismiss and strike portions of plaintiffs' operative first amended complaint. This Court's May 21, 2007 order ("May 21 order"):

1. Dismissed plaintiffs' (first) cause of action for failure to pay split shift premiums in violation of CCR 11050.4(C);

2. Dismissed plaintiffs' (second) cause of action for requiring payment for cash shortages in violation of CCR 11050.8;

3. Dismissed plaintiffs' money had and received common count (third cause of action); and

4. Struck requested relief, including penalties under California Labor Code sections 203 and 558 and the Unfair Competition Law, attorney fees, punitive damages and disgorgement of profits.

After the May 21 order, plaintiffs proceed on a sole remaining (fourth) unfair competition cause of action to allege that defendants violated California Labor Code provisions and engaged in unlawful and unfair business practices to violate the Unfair Competition Law. The (fourth) unfair competition cause of action seeks restitution and injunctive relief for defendants' alleged failure to pay split shift premiums in violation of CCR 11050.4(C) and for requiring servers and bartenders to make up cash

---

[2] CCR 11050.4(C) provides: "When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment.

[3] CCR 11050.8 provides: "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by dishonest or willful act, or by gross negligence of the employee."

shortages in violation of CCR 11050.8.  With this motion to strike, defendants seek to strike the word "restitution" from paragraph 48 of the (fourth) unfair competition cause of action, which states:

> Plaintiffs are "persons" within the meaning of Business & Professions Code § 17204, and therefore has [sic] standing to bring this cause of action for injunctive relief, **restitution**, and other appropriate equitable relief.  (Bold added.)

Defendants contend that plaintiffs "do not seek to restore an objectively measurable or quantifiable sum sufficient to state a restitution claim" under the Unfair Competition Law for plaintiffs' claim for cash shortages arising from violation of CCR 11050.8.  Defendants argue that plaintiffs' claim "to 'restore' unspecified and unquantifiable sums does not constitute restitution within the meaning of the [Unfair Competition Law] and can only be interpreted as a request for disgorgement of profits, which already was stricken, or an effort to obtain [unavailable] compensatory damages."  Plaintiffs respond that '[d]efendants' focus on a quantifiable amount of damages distracts from the purpose of [a Unfair Competition Law] claim and the need to restore victims, such as the Plaintiffs, from being taken advantage of by these unfair business practices."

## DISCUSSION

### Motion To Strike Standards

F.R.Civ.P. 12(f) empowers a court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).  "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994).

An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded.  *Fantasy, Inc.,* 984 F.2d at 1527; *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120, n. 5 (D. P.R. 1972); *Fleischer v. A.A.P., Inc.*, 180 F.Supp. 717 (D. Pa. 1958).  An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action and which could not be

put in issue or given in evidence between the parties. *Gilbert*, 56 F.R.D. at 120, n. 6; *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134 (D. Pa. 1946). An "impertinent" matter consists of statements that do not pertain and are unnecessary to the issues in question. *Fantasy, Inc.*, 984 F.2d at 1527. Matters may be stricken to reduce trial complication or if challenged allegations are so unrelated to plaintiff's claims to be unworthy of consideration as a defense and their presence in the pleading will prejudice the party seeking to strike matters. *Fantasy, Inc.*, 984 F.2d at 1527.

With these standards in mind, the Court turns to plaintiffs' claim for restitution under their claim for cash shortages arising from violation of CCR 11050.8 .

## Limited Restitution Remedy

Defendants distinguish plaintiffs' request for restitution under plaintiffs' claims for: (1) failure to pay split shift premiums in violation of CCR 11050.4(C); and (2) for requiring servers and bartenders to make up cash shortages in violation of CCR 11050.8. With their motion to strike, defendants do not challenge plaintiffs' restitution claim for failure to pay split shift premiums in that the alleged "amount of split shift premiums earned and not paid is capable of quantifiable calculation." Defendants seek to strike plaintiffs' restitution claim for cash shortage payments which defendants contend is "unquantifiable" to render it barred under the Unfair Competition Law. Defendants explain: "Because they do not seek quantifiable sums as required for a restitution award, Plaintiffs cannot, and on the face of the complaint do not, state a[n] [Unfair Competition Law] claim for restitution."

Plaintiffs respond that defendants "have engaged in behavior depriving the Plaintiff's [sic] in a way that is not quantifiable to the injured party. However, this does not detract from the fact that the [Unfair Competition Law] is meant to provide Plaintiff's [sic] compensation and the return to 'status quo' as nearly as may be achieved within the power of the Court when dealing with unfair business practices."

The Unfair Competition Law "prohibits unfair competition, including unlawful, unfair, and fraudulent business acts." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143, 131 Cal.Rptr.2d 29, 37 (2003). The Unfair Competition Law "covers a wide range of conduct" and "embraces 'anything that can properly be called a business practice and that at the same time is forbidden by law.'" *Korea Supply*, 29 Cal.4th at 1143, 131 Cal.Rptr.2d at 37 (quoting *Cal-Tech Communications,*

*Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548 (1999)).

Although the Unfair Competition Law covers a broad scope of conduct, "its remedies are limited." *Korea Supply*, 29 Cal.4th at 1144, 131 Cal.Rptr.2d at 37. A Unfair Competition Law action "is equitable in nature; damages cannot be recovered." *Korea Supply*, 29 Cal.4th at 1144, 131 Cal.Rptr.2d at 37. Under the Unfair Competition Law, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." *Cal-Tech*, 20 Cal.4th at 179, 83 Cal.Rptr.2d 548. With the Unfair Competition Law, "the Legislature did not intend to authorize courts to order monetary remedies other than restitution in an individual action." *Korea Supply*, 29 Cal.4th at 1148, 131 Cal.Rptr.2d at 41. "The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply*, 29 Cal.4th at 1149, 131 Cal.Rptr.2d at 41.

Defendants argue that a restitution award under the Unfair Competition Law "must be ascertainable and definite" and "objectively measured." In *Walnut Creek Manor v. Fair Employment and Housing Commission*, 54 Cal.3d 245, 263, 284 Cal.Rptr. 718 (1991), the California Supreme Court explained that "restitutive damages encompass, at a minimum, quantifiable sums": "Restitutive damages, in short, are akin to special damages, i.e., they are quantifiable amounts of money due an injured private party from another party to compensate for the pecuniary loss directly resulting from the second party's violation of law." The Unfair Competition Law "operates only to return to a person those *measurable amounts* which are *wrongfully taken* by means of an unfair business practice" to require that restitution "must be of a measurable amount to restore to the plaintiff what has been acquired by violations of the statutes, and that measurable amount must be supported by evidence." *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal.App.4th 663, 698, 38 Cal.Rptr.3d 36, 61 (2006) (italics in original). The Unfair Competition Law's intent "is to make whole, equitably, the victim of an unfair practice. While it may be that an order of restitution will also serve to deter future improper conduct, in the absence of a measurable loss the section does not allow the imposition of a monetary sanction merely to achieve this deterrent effect." *Day v. AT & T Corp.*, 63 Cal.App.4th 325, 339, 74 Cal.Rptr.2d 55 (1998).

Defendants point to first amended complaint allegations that plaintiffs estimate their alleged cash shortages. Paragraph 38 of the first amended complaint states:

>Johnson has no records setting forth the actual amount of money owed by Defendant to her during the approximately two years and two months that she was employed in California but she estimates that she had to pay more the $2,000 for cash shortages and walkouts which were not the result of any dishonest or willful act or by her gross negligence.

Paragraph 39 of the first amended complaint states:

>Brinkman has no records setting forth the actual amount of money owed by Defendant to him during the approximately six months he was employed in California but he estimates that he had to pay more than $450 for cash shortages and walkouts which were not the result of any dishonest or willful act or by his gross negligence.

Paragraphs 32 and 33 of the first amended complaint further alleges that plaintiffs "are sometimes unaware of shortages" and "usually didn't realize that they were making up Defendant's shortages." Defendants conclude that since "the amount of restitution (cash shortages allegedly reimbursed) sought is not quantifiable, no monetary remedy is available" under the Unfair Competition Law.

Plaintiffs respond that they are entitled to restitution for their cash shortage claims to serve Unfair Competition Law purposes to prevent unfair business practices and to restore money or property to victims of such practices. Plaintiffs point to *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 168, 96 Cal.Rptr.2d 518, 522 (2000), where the California Supreme Court addressed unpaid overtime and concluded that "defendant may be compelled to restore unpaid wages to its employees and former employees. Once earned, those unpaid wages became property to which the employees were entitled." The California Supreme further explained its reasoning:

>The concept of restoration or restitution, as used in the UCL, is not limited only to the return of money or property that was once in the possession of that person. The commonly understood meaning of "restore" includes a return of property to a person from whom it was acquired (see Webster's New Internat. Dict. (2d ed. 1958) p. 2125), but earned wages that are due and payable pursuant to section 200 et seq. of the Labor Code are as much the property of the employee who has given his or her labor to the employer in exchange for that property as is property a person surrenders through an unfair business practice. An order that earned wages be paid is therefore a restitutionary remedy authorized by the UCL. The order is not one for payment of damages.

*Cortez*, 23 Cal.4th at 178, 96 Cal.Rptr.2d at 528.

Plaintiffs acknowledge that their cash shortages claims are "not quantifiable." Plaintiffs rely on general Unfair Competition Law policy to "restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply*, 29 Cal.4th at 1149, 131 Cal.Rptr.2d at 41. Plaintiffs fail to establish how the Unfair Competition Law's broad policy relieves them to quantify their

restitution claims. *Cortez* is distinguishable in that it addressed quantifiable overtime wages. Here, plaintiffs' claims address, as they acknowledge, unquantifiable cash shortages, breakage and loss of equipment. Plaintiffs fail to justify reliance on *Matoff v. Brinker Restaurant Corp.*, 439 F.Supp.2d 1035 (C.D. Cal. 2006), in that the court there did not address quantifying mandatory tip pooling. Moreover, plaintiffs fail to justify their contention that defendants should bear the burden to quantify plaintiffs' allege cash shortages. Defendants note the absence of documentation to ascertain "which employees, if any, subjectively believed that they had to, and in fact did, dip into their own personal monies and cover a cash shortage in order to avoid discipline."

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. STRIKES "restitution" as a remedy from the portion of plaintiffs' Unfair Competition Law cause of action addressing cash shortage payments in violation of CCR 11050.8; and

2. ORDERS defendants, no later than July 27, 2007, to file and serve a responsive pleading to plaintiffs' Unfair Competition Law cause of action and claims.

IT IS SO ORDERED.

**Dated:   July 6, 2007**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE